at law granted. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ. [See 268 App. Div. 780.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL UNTERMYER et al., as Executors of and Trustees under the Will of SAMUEL UNTERMYER, Deceased, et al., Appellants, against ARTHUR J. McGREGOR, as Acting Commissioner of Assessment and Taxation of the City of Yonkers, Respondent. (1942 Assessment Proceeding No. 1.) [847, 919, 967 No. Broadway — 847, 848, 919, 920 Warburton Ave.— 1, 32 Water Grant.] THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL UNTERMYER PARK & GARDENS, a Charitable Membership Corporation, Appellant, against ARTHUR J. McGREGOR, as Acting Commissioner of Assessment and Taxation of the City of Yonkers, Respondent. (1943 Assessment Proceeding No. 2.) [847, 919, 967 No. Broadway — 847, 848, 919, 920 Warburton Ave.— 1, 32 Water Grant.] — Motion for leave to appeal to the Court of Appeals granted. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ. [See ante, p. 779.]

TRIANGLE CARD & PAPER CO., INC., Respondent, v. IRVING L. ROSENKRANZ, Doing Business as CROWN PRINTING COMPANY, Appellant.— Motion for leave to appeal to the Appellate Division.denied, with $10 costs. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

EDWARD VARRICHIO, Appellant, v. ANNA VARRICHIO, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ. [See ante, p. 678.]

THOMAS BENNETT, Appellant, v. THOMAS RITCHIE, Respondent.— Action to compel specific performance of a written contract by which plaintiff agreed, inter alia, to transfer to defendant, an employee, his taxicab business, consisting of automobiles, equipment, and a license issued by the Long Island Railroad Company granting plaintiff an exclusive right to park his taxicabs at the Locust Valley Station. The agreement also provided that defendant was to operate the business and to return the same to plaintiff when plaintiff should be released from the armed forces. After plaintiff was released, defendant refused to return the business. Order denying plaintiff's motion for summary judgment under rule 113, or, in the alternative, for judgment on the pleadings under rule 112 of the Rules of Civil Practice, affirmed, without costs. Since the relief sought is not specific performance of a contract for the sale and purchase of specific property or to recover possession of a specific chattel, summary judgment may not be granted under rule 113. While the order also denied plaintiff's motion for judgment on the pleadings, it is not urged on this appeal that the court erred in denying that part of the motion. In view of defendant's answer, the issues should be decided on the trial. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

BRONX VALLEY COUNCIL, INC., BOY SCOUTS OF AMERICA, Respondent, v. TOWN OF HARRISON et al., Appellants.— In an action to cancel certain tax assessments on the ground that the property taxed is exempt pursuant to statute, judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ.

HELEN H. BURDEN, Appellant, v. ELMER M. BURDEN, Respondent.— Order adjudging plaintiff in contempt reversed on the law and the facts, with $10 costs and disbursements to abide the event, and the matter remitted to Special Term to take proof, either before the court itself or before a referee, with respect to the question of whether the plaintiff advised, solicited or procured the daughter Helene not to visit the defendant in accordance with the decree of